UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ROBERT WILLIAMS,** ) | Case No.: 4:06 CV 451 |
| ) | |
| Petitioner ) | **JUDGE SOLOMON OLIVER, JR.** |
| ) | |
|  v. ) | |
| ) | |
| **MARC HOUK, Warden,** ) | |
| ) | **MEMORANDUM OF OPINION** |
| Respondent ) | **AND ORDER** |

This matter is before the Court upon Petitioner Robert Williams' Request for Leave to Conduct Discovery. (ECF 27-1). Respondent Marc Houk filed a Brief in Opposition. (ECF 29). In addition, and in response to this Court's order dated November 21, 2011, the parties filed cross-briefs regarding the effect, if any, of the Supreme Court's recent decision in *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011) on Petitioner's discovery request. (ECF 38, 39). For the following reasons, Petitioner's Request for Leave to Conduct Discovery (ECF 27-1) is denied without prejudice.

**I.     Relevant Background**

On February 18, 1999, the body of 88 year old Velma McDowell was found in her apartment in a senior citizens residential complex in Toledo, Ohio. Later that day, the deputy coroner examined Ms. McDowell's body, observed multiple bruises and strangulation marks, and determined that Ms. McDowell had been the victim of rape and homicide. The police returned to Ms. McDowell's apartment and found a palm print and fingerprint identified as Williams' in the hallway and on the molding of the entry door leading into Ms. McDowell's apartment. Williams

was arrested several days later. He waived his Miranda rights both orally and in writing, was interviewed at the police station, and made a number of incriminating statements.

On March 2, 1999, the Lucas County Grand Jury issued a four count indictment against Williams. The indictment charged Williams with (1) one count of aggravated murder in violation of Ohio Rev. Code § 2903.01(B); (2) one count of rape in violation of Ohio Rev. Code § 2907.02(A)(2); (3) one count of aggravated robbery in violation of Ohio Rev. Code § 2011.11(A)(1); and (4) one count of aggravated burglary in violation of Ohio Rev. Code § 2911.01(A)(3), relating to the death of Ms. McDowell. (Apx. Vol. 1 at 51-53). The aggravated murder charge included three death penalty specifications under Ohio Rev. Code § 2929.04(A)(7).[1] Williams pled not guilty on March 15, 1999.

Trial commenced on August 9, 1999. (Trial Tr. Vol. 1 at 1). The jury found Williams guilty on all four counts, as well as the three specifications, on August 18, 1999. (Apx. Vol. 4 at 86). The penalty phase of the trial began the next day, during which Williams presented the testimony of his mother, his two sisters, and clinical psychologist Dr. Charles Layne. (Trial Tr. Vol. 10). The jury recommended a sentence of death. (Apx. Vol. 4 at 98). On September 3, 1999, the trial court sentenced Williams to death plus ten years incarceration on each of the rape, aggravated robbery, and aggravated burglary charges to be served consecutively and consecutive to the aggravated murder sentence if the death penalty were to be vacated. (Apx. Vol. 4 at 115).

Williams filed a timely appeal to the Ohio Supreme Court, raising twenty propositions of law. (Apx. Vol. 5 at 62). The Ohio Supreme Court affirmed his conviction and sentence on

---

[1] These specifications charged that Williams committed homicide during the commission of rape (specification 1), aggravated robbery (specification 2), and aggravated burglary (specification 3).

2

August 27, 2003. *See State v. Williams*, 99 Ohio St.3d 439, 79 N.E.2d 446 (Ohio 2003). While his direct appeal was pending, Williams filed a Petition for Post-Conviction Relief in November 2000 and an Amended Petition for Post-Conviction Review in December 2000. (Apx. Vol. 8 at 67; Apx. Vol. 10 at 15). The trial court denied his petition without a hearing on March 28, 2001. (Apx. Vol. 11 at 274). Williams filed a timely appeal, raising seven grounds for relief. (Apx. Vol. 12 at 6, 43). The appellate court issued an Opinion on September 13, 2002, in which it affirmed the trial court's decision in part, reversed in part, and remanded for a hearing on two issues relating to the alternate jurors and the jury's decision to hold a group prayer during deliberations. *See State v. Williams*, 149 Ohio App.3d 434, 777 N.E.2d 892 (6th Dist. Ct App. 2002).

On remand, the trial court conducted an evidentiary hearing on the remanded issues and denied Williams' petition. (Apx. Vol. 16 at 30; Apx. Vol. 18 at 219). The appellate court subsequently affirmed. *See State v. Williams*, 162 Ohio App.3d 55, 832 N.E.2d 783 (6th Dist. Ct. App. 2005). The Ohio Supreme Court denied review of the post-conviction decisions on December 15, 2005. *See State v. Williams*, 107 Ohio St.3d 1682 (Ohio 2005).

Williams filed his Petition for Writ of Habeas Corpus in this Court on December 14, 2006, raising nineteen grounds for relief. (ECF 15). Respondent filed his Return on February 12, 2007 (ECF 19), and Williams filed his Traverse on April 30, 2007 (ECF 24). Williams thereafter filed a Motion for Leave to file Request for Leave to Conduct Discovery on May 15, 2007. (ECF 27). Respondent filed a Brief in Opposition on May 31, 2007. (ECF 29). In response to this Court's Order dated November 21, 2011, the parties filed cross-briefs regarding the effect, if any, of the Supreme Court's decision in *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011) on Petitioner's discovery request. (ECF 38, 39).

**II.     Analysis**

In his Motion for Leave to Conduct Discovery, Williams seeks permission to conduct discovery regarding the following claims: (1) denial of his right to counsel and privilege against self-incrimination when the trial court denied his motion to suppress custodial statements to police (Claims 1 and 2); (2) denial of due process when the trial court failed to adequately determine that Williams was competent to stand trial (Claim 3); (3) ineffective assistance of counsel ("IAC") when the trial court denied his request to replace his appointed lawyers and declined to continue the trial (Claims 5 and 6); and (4) IAC during the penalty phase because his counsel (a) failed to fully prepare and present mitigation evidence relating to his childhood sexual abuse and neurological impairments, and (b) employed a psychologist, Dr. Charles Layne, who misinterpreted data, misdiagnosed Williams and gave harmful testimony. (ECF 27-1).

In connection with these claims, Williams seeks to depose the following individuals: (1) his trial attorneys; (2) his attorney at the time of his arrest and interrogation; (3) the Lucas County Chief Criminal Prosecutor; (4) two Lucas County Assistant Prosecutors; (5) five Toledo police officers, (6) Dr. Charles Layne; and (7) psychologist Allen Brown, who evaluated Williams and submitted an expert report on his behalf during post-conviction proceedings. (ECF 27-1 at 1-2).  Williams also seeks the production of various documents from the Lucas County Prosecutor's Office and the Toledo Police Department.  (ECF 27-1 at 2-3).  Williams maintains he is entitled to discovery because the state courts denied his efforts to obtain this discovery during post-conviction proceedings, despite the fact that  it is relevant and "necessary for a full and fair adjudication" of the claims at issue. (ECF 27-1 at 11).

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery

4

as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, discovery in a federal habeas proceeding is governed by Rule 6 of the Rules Governing § 2254 Cases in the United States District Courts, which provides that:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

*See* Rule 6(a) of the Rules Governing § 2254 Cases in the United States District Courts.

Under this Rule's "good cause" standard, a federal court should grant leave to conduct discovery in a habeas proceeding "only where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). The burden of demonstrating the materiality of the information requested is on the moving party. *See Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004). Although a petitioner is not required to demonstrate that discovery would unquestionably lead to relief, "vague and conclusory assertions are not sufficient under Rule 6 and a petitioner may not embark on a fishing expedition intended to develop claims for which there is no factual basis." *Payne v. Bell*, 89 F.Supp.2d 967, 970 (W.D. Tenn. 2000); *see also Williams*, 380 F.3d at 974.

The availability of discovery under Habeas Rule 6 has been called into question, however, by the Supreme Court's decision in *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011). In that case, the Supreme Court considered the issue of whether review under 28 U.S.C. § 2254(d)(1) permits the consideration of evidence introduced in an evidentiary hearing before the federal habeas court. The lower federal courts had held, based on evidence developed during federal habeas proceedings, that a California court's decision rejecting Pinholster's ineffective assistance of counsel claim was

contrary to or involved an unreasonable application of clearly established federal law and warranted habeas relief. The Supreme Court reversed, holding that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id*. at 1398. Noting that "review under §2254(d)(1) focuses on what a state court knew and did," the Supreme Court remarked that "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court." *Id*. at 1399. "[H]olding that evidence introduced in federal court has no bearing on § 2254(d)(1) review," the Supreme Court made clear that, "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of §2254(d)(1) on the record that was before the state court." *Id*. at 1400.

Pursuant to this Court's Order, both parties briefed the effect of *Pinholster* on Williams' discovery motion. Significantly, neither Williams nor Respondent argue that the claims at issue in Williams' discovery motion were not "adjudicated on the merits" by the state courts. Thus, this Court assumes, for purposes of this Opinion & Order, that the claims at issue in Williams' discovery motion are subject to § 2254(d) and *Pinholster* is applicable.

Williams maintains that *Pinholster* does not impose a categorical bar to discovery in habeas proceedings. Rather, he argues this Court should determine whether, on the basis of the state court record alone, the state court's adjudication of the claims were "contrary to, or involved an unreasonable application of, clearly established federal law" under § 2254(d)(1). (ECF 39 at 5). If the Court makes that determination, Williams argues, the Court is then "free to permit further factual development and/or conduct an evidentiary hearing subject to the Habeas Rules and Supreme Court precedent." (ECF 39 at 5). Respondent states that, because *Pinholster* precludes the Court from

6

considering anything beyond the state court record to decide the claims at issue, it would be futile to allow the parties to engage in discovery. (ECF 38 at 3-4).

There is no clear guidance from either the Supreme Court or the Sixth Circuit regarding how *Pinholster* applies to the availability of discovery in federal habeas proceedings. *Pinholster* itself did not reference Habeas Rule 6 or *Bracy v. Gramley*, 520 U.S. 899, 904 (1997), nor does it otherwise directly address the issue of habeas discovery. Moreover, while the Sixth Circuit has relied on *Pinholster* to affirm the denial of federal evidentiary hearings with respect to claims that have been adjudicated on the merits,[2] it has not yet squarely addressed the specific issue of whether or to what extent *Pinholster* impacts the availability of discovery under Habeas Rule 6.

This Court finds that, although *Pinholster* may have narrowed the circumstances under which new evidence may be considered, it did not entirely foreclose the possibility that new evidence may become relevant to a federal habeas court's determination of a petitioner's claim. As Justice Breyer explained in his concurring opinion:

> An offender who believes he is entitled to habeas relief must first present a claim
>
> (including his evidence) to the state courts. If the state courts reject the claim, then a federal habeas court may review that rejection on the basis of the materials considered by the state court. If the federal habeas court finds that the state-court decision fails (d)'s test (or if (d) does not apply), then an (e) hearing may be needed.

---

[2]  *See e.g. Bourne v. Curtin*, 2012 WL 75334 (6th Cir. Jan. 11, 2012) (finding petitioner was not entitled to an evidentiary hearing because the state courts had adjudicated his claim on the merits and, under *Pinholster,* petitioner was "stuck with 'the record that was before the state court'"); *Jackson v. Lafler*, 2011 WL 6382099 at * 4 (6th Cir. Dec. 21, 2011) ("As we have already explained, the state court decided this claim on the merits. Under AEDPA, we are limited to the state court record, and Jackson is not entitled to an evidentiary hearing"); *Marks v. Davis*, 2012 WL 5382897 at *3 (6th Cir. Nov. 2, 2012) ("When, as here, the state court decides a claim on its merits, our review is limited to the state court record. . . Since Marks's claim was adjudicated on the merits, no hearing was necessary"),

> For example, if the state-court rejection assumed the habeas petitioner's facts (deciding that, even if those facts were true, federal law was not violated), then (after finding the state court wrong on a (d) ground), an (e) hearing might be needed to determine whether the facts alleged were indeed true. Or, if the state-court rejection rested on a state ground, which a federal habeas court found inadequate, then an (e) hearing might be needed to consider the petitioner's (now unblocked) substantive federal claim. Or if the state-court rejection rested on only one of several related federal grounds (e.g. that counsel's assistance was not "inadequate"), then, if the federal court found that the state court's decision in respect to the ground it decided violated (d), an (e) hearing might be needed to consider other related parts of the whole constitutional claim (e.g. whether the counsel's "inadequate" assistance was also prejudicial). There may be other situations in which an (e) hearing is needed as well.

*Pinholster*, 131 S.Ct. at 1412 (Breyer, J. concurring). Indeed, since *Pinholster* was decided, several district courts have found these very circumstances present and considered new evidence (or permitted an evidentiary hearing to proceed) in order to resolve constitutional claims where they had determined the state court acted unreasonably in resolving those claims under § 2254(d). *See e.g. Skipwith v. McNeil*, 2011 WL 1598829 (S.D. Fla. April 28, 2011) (holding that because Section 2254(d)(2) was satisfied, it could consider new evidence adduced at evidentiary hearing); *Fitzgerald v. Workman*, 2011 WL 3793644 (N.D. Ok. Aug. 25, 2011) (where state court unreasonably applied federal law under Section 2254(d)(2), "the Court reviews these claims *de novo*, [and] the AEDPA and the *Pinholster* and *Richter* cases do not apply").

Moreover, other district courts (including several within this Circuit) have acknowledged that "if after review solely on the state court evidence, it appears the state court contravened or unreasonably applied clearly established federal law, the federal court may then consider additional evidence to determine whether habeas relief should be granted." *Caudill v. Conover*, 2012 WL 1673262 at * 9 (E.D. Ky. May 14, 2012). *See also Lynch v. Hudson*, 2011 WL 4537890 at * 5 (S.D. Ohio Sept. 28, 2011) (Frost, J.) (finding that if the petitioner was able to demonstrate based on the

8

state court record alone that Section 2254(d)(1) was satisfied, "the Court allows for the possibility that it could then consider [the new evidence] in making the determination whether to grant habeas relief"); *Williams v. Mitchell*, 2011 WL 5118469 at * 2 (N.D. Ohio Oct. 27, 2011) (Nugent, J.) (denies evidentiary hearing, but notes on motion for reconsideration that "[t]his Court agrees with Petitioner that *Pinholster* does not prevent habeas courts from considering evidence presented at an evidentiary hearing once it has determined that the petitioner's claim satisfies AEDPA's Section 2254(d)"); *Gillespie v. Timmerman-Cooper*, 2011 WL 2224487 (S.D. Ohio June 8, 2011) (Merz, MJ); *Ballinger v. Prelesnik*, 844 F.Supp.2d 857 (E.D. Mich. 2012).

The Court finds this reasoning persuasive. Consequently, if this Court decides, based solely on the state court record, that the state court decisions at issue contravene or unreasonably apply clearly established federal law or involve an unreasonable determination of the facts pursuant to § 2254(d)(1) or (2), this Court may then consider additional evidence to determine whether federal habeas relief should be granted. This Court has not yet made this threshold determination under § 2254(d)(1) and/or (2), however, and it is not inclined to do so in the context of deciding Williams' discovery motion. The Court will therefore deny Williams' Motion for Discovery without prejudice at this time. Should the Court ultimately determine that the state court decisions regarding the claims at issue in Williams' discovery motion unreasonably apply clearly established federal law or involve an unreasonable determination of the facts pursuant to § 2254(d), the Court will then consider whether additional factual development is necessary to determine if Williams is entitled to habeas relief.

**III.  Conclusion**

Accordingly, and for all the reasons set forth above, Williams' Motion for Leave to Conduct

Discovery (ECF 27-1) is denied without prejudice, subject to resurrection in the event that this Court determines at a future point in this litigation that the state court decisions regarding the claims at issue in Williams' discovery motion unreasonably apply clearly established federal law or involve an unreasonable determination of the facts pursuant to § 2254(d).

    IT IS SO ORDERED.

                                        /S/ SOLOMON OLIVER, JR.
                                        CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT

December 18, 2012